UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

PAUL WILBURN, et al,                )
                                    )
        Plaintiffs,                 )
    vs.                             )       1:04-cv-1859-SEB-VSS
                                    )
AMERICAN FAMILY INSURANCE COMPANY,  )
LYNDA R. WARE, Agent,               )
MATRIX FINANCIAL SERVICES           )
 CORPORATION,                       )
                                    )
        Defendants.                 )

**Entry Discussing Motions to Dismiss**

Each defendant in this action has either filed or joined in a motion to dismiss for lack of subject matter jurisdiction. For the reasons explained in this Entry, those motions must be **granted.**

**Discussion**

Subject matter jurisdiction defines a court's authority to hear a given type of case. *United States v. Morton,* 467 U.S. 822, 828 (1984); *Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1000-01 (11th Cir. 1982) ("The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties."). Federal courts are courts of limited jurisdiction. "Jurisdiction of the lower federal courts is . . . limited to those subjects encompassed within a statutory grant of jurisdiction . . . . [T]his reflects the constitutional source of federal judicial power: Apart from [the Supreme] Court, that power only exists 'in such inferior Courts as the Congress may from time to time ordain and establish.' Art. III, § 1." *Insurance Corp. v. Compagnie des Bauxites,* 456 U.S. 694, 701-02 (1982).

With exceptions not applicable here, the jurisdiction of a federal district court extends to cases in which there is a "federal question," see 28 U.S.C. § 1331, and to certain cases in which there is complete diversity of citizenship between the plaintiffs and the defendants. See 28 U.S.C. § 1332. A court's diversity jurisdiction can be invoked only when the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *Id.*

In the present case, no federal question is presented. The dispute, instead, concerns

payments under or interpretations of a mortgage note. There is neither complete diversity of citizenship as to the parties nor does the matter in controversy exceed the sum or value of $75,000.00. Accordingly, the court is compelled to conclude that there is no basis for the exercise of the court's limited subject matter jurisdiction.

If the court lacks jurisdiction over the subject matter, its only proper course is to note that fact and dismiss the case on that ground. *Steel Co. v. Citizens for a Better Environment*, 118 S. Ct. 1003, 1012 (1998); *Cook v. Winfrey,* 141 F.3d 322, 324-326 (7th Cir. 1998). That is the disposition required in this action. Therefore, the defendants' motions to dismiss for lack of subject matter jurisdiction are granted. Judgment consistent with this Entry shall now issue. The trial setting of September 5, 2006, is **vacated.**

**IT IS SO ORDERED**.

Date: 03/03/2006

*[signature: Sarah Evans Barker]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana