**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

PAUL WILBURN, et al,                          )
                                              )
                          Plaintiffs,         )
        vs.                                   )        1:04-cv-1859-SEB-VSS
                                              )
AMERICAN FAMILY INSURANCE COMPANY,)
LYNDA R. WARE, Agent,                         )
MATRIX FINANCIAL SERVICES                     )
  CORPORATION,                                )
                                              )
                          Defendants.         )
_____)
DEBRA WILBURN,  et al,                        )
                                              )
                          Plaintiffs,         )
        vs.                                   )
                                              )
DOVENMUEHLE MORTGAGE, INC.,                   )
MATRIX FINANCIAL SERVICES                     )
  CORPORATION,                                )
                                              )
                          Defendants.         )

**Entry Discussing Plaintiffs' Motion for Relief from Judgment**[1]

        This action was dismissed for lack of subject matter jurisdiction in a Judgment entered on the clerk's docket on March 6, 2006. In the Entry accompanying that Judgment, the court stated that "[e]ach defendant in this action has either filed or joined in a motion to dismiss for lack of subject matter jurisdiction." The court proceeded to explain in that same Entry why it lacked jurisdiction over the plaintiffs' claims. The explanation was as follows:

_____

[1]As explained in the text of the Entry, the post-judgment motion addressed in this Entry must be treated as a motion for relief from judgment, despite its being labeled by the plaintiffs as their "motion to delay judgment."

With exceptions not applicable here, the jurisdiction of a federal district court extends to cases in which there is a "federal question," see 28 U.S.C. § 1331, and to certain cases in which there is complete diversity of citizenship between the plaintiffs and the defendants. See 28 U.S.C. § 1332. A court's diversity jurisdiction can be invoked only when the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *Id.*

In the present case, no federal question is presented. The dispute, instead, concerns payments under or interpretations of a mortgage note. There is neither complete diversity of citizenship as to the parties nor does the matter in controversy exceed the sum or value of $75,000.00. Accordingly, the court is compelled to conclude that there is no basis for the exercise of the court's limited subject matter jurisdiction.

After the entry of Judgment, the plaintiffs promptly filed time motions to alter or amend the Judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. Those motions, treated in the aggregate, were denied in the court's Entry of March 24, 2006.

Unconvinced, the plaintiffs filed yet another post-judgment motion on March 24, 2006. This motion, however, was filed more than ten (10) working days after the March 6, 2006, docketing date, and hence must be treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure. See United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) ("substantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b).").

A motion for relief from judgment pursuant to *Fed. R. Civ. P.* 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). Such a motion is not a substitute for a timely appeal. *Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir. 2002). In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). As a caveat to the foregoing, a party's mere disagreement with a court's legal analysis does not warrant relief under Rule 60(b). In fact, such an argument is a forbidden ground. See *Marques v. FRB,* 286 F.3d 1014, 1018-19 (7th Cir. 2002). Instead, the appropriate remedy for that situation is for the party to appeal. *Parke-Chapley Const. Co. v. Cherrington,* 865 F.2d 907, 915 (7th Cir. 1989); *McKnight v. United States Steel Corp.,* 726 F.2d 333, 338 (7th Cir. 1984) ("The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal.").

The plaintiffs' motion for relief from judgment does not recite one of the enumerated grounds listed in Rule 60(b). The motion is properly denied on this basis. The motion challenges, however, the actual completeness of the court's ruling. Specifically, the plaintiffs' view is that the court did not address their claims against one set of defendants because those defendants–Dovenmuehle Mortgage, Inc., and Matrix Financial Services Corporation–had not filed a motion to dismiss. Such a contention would be significant, of course, because the absence of a final judgment (or a partial final judgment entered pursuant to Rule 54(b)) would have implications relative to a possible appeal. *See Principal Mut. Life Ins. Co. v. Cincinnati TV 64 Ltd. Partnership*, 845 F.2d 674, 676 (7th Cir. 1988) (district court order granting judgment on one count but dismissing nine other counts without prejudice and expressly providing plaintiff right to reinstate seven counts was not final appealable order because it did not "terminate the litigation"). For this reason the court addresses the plaintiffs' concerns about finality and completeness. It can do so by simply noting the genesis of the matters which were addressed in the Entry of March 6, 2006.

- The action docketed as No.1:04-cv-1859-SEB-VSS initially designated Lynda R. Ware, John R. Rieser, Jr., and American Family Insurance Company as defendants.

- The action docketed as No. 1:05-cv-215 JDT-TAB initially designated Dovenmuehle Mortgage, Inc., and Matrix Financial Services Corporation as defendants.

- The action docketed as No. 1:05-cv-215-JDT-TAB was consolidated with 1:04-cv-1859-SEB-VSS. The result of this consolidation was to place all the claims in one lawsuit, that being No.1:04-cv-1859-SEB-VSS. The further result of this consolidation was to enlarge the roster of defendants in No.1:04-cv-1859-SEB-VSS to include Dovenmuehle Mortgage, Inc., and Matrix Financial Services Corporation.

- On December 23, 2005, the original defendants in No. 1:05-cv-215-JDT-TAB filed both a motion for judgment on the pleadings and a motion to dismiss for lack of jurisdiction.

- The original defendants in No. No.1:04-cv-1859-SEB-VSS filed motions on December 28, 2005, to join in the motions filed the other defendants on December 23, 2005. The motion for joinder relating to the motion to dismiss for lack of jurisdiction was granted in paragraph 1 of the Entry of January 3, 2006. The motion for joinder relating to the motion for judgment on the pleadings was denied in paragraph 4 of the Entry of January 3, 2006.

- The motion for judgment on the pleadings filed by original defendants in No. 1:05-cv-215-JDT-TAB was denied in paragraph 4 of the Entry of January 3, 2006.

As a result of the foregoing, when the court ruled on March 6, 2006, there was a motion to dismiss for lack of jurisdiction pending. This was the motion filed on December 23, 2005, by the original defendants in No. 1:05-cv-215-JDT-TAB, and in which the remaining defendants (the original defendants in No.1:04-cv-1859-SEB-VSS) had joined on January 3, 2006. Therefore, the court's statement that "[e]ach defendant in this action has either filed or joined in a motion to dismiss for lack of subject matter jurisdiction" was entirely correct. The ruling itself was also correct, though that is not a matter within the purview of Rule 60(b).

There was no lack of completeness or finality in the court's ruling of March 6, 2006, and the pending motions served up the question of the court's subject matter jurisdiction. The plaintiffs' filings of January 10, 2006–these being their opposition to the pending motions–show their understanding of the challenge they faced to proceeding further. Relief from judgment under Rule 60(b) is an extraordinary remedy which should only be granted in exceptional circumstances. *Del Carmen v. Emerson Electric Co.,* 908 F.2d 158, 161 (7th Cir. 1990). Such relief is warranted "only upon a showing of extraordinary circumstances that create substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986). These circumstances are not present here. Accordingly, the plaintiffs' "motion to delay judgment" filed on March 24, 2006, treated as a motion for relief from judgment, is in all respects **denied.**

**IT IS SO ORDERED.**

Date: 05/11/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Paul Wilburn
Debra Wilburn
4214 Village Trace Blvd.
Indianapolis, IN 46204

Andrew M. David
DOYLE & FRIEDMEYER  P.C.
adavid@doylelegal.com

Linda Ann Hammel
YARLING & ROBINSON
lhammel@yarling.com